

August 2, 2016

Cary Nichols
INTEGRO USA INC.
ONE CALIFORNIA ST 4TH FL
SAN FRANCISCO, CA 94111-0000

RE:   SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

Insuring Company: Chubb Insurance Company of New Jersey

Dear Cary:

Enclosed is our The Chubb Primary Policy for the above referenced Insured.

I want to thank you for the opportunity to underwrite this account.

Please let me know if I can be of further assistance.

Sincerely,

Yana Yuan

CHUBB SPECIALTY INSURANCE

lxc

PREMIUM BILL

Insured:   SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.                   Date:   08/02/2016

Producer:   INTEGRO USA INC.
ONE CALIFORNIA ST 4TH FL
SAN FRANCISCO, CA 94111-0000

Company:   Chubb Insurance Company of New Jersey

THIS BILLING IS TO BE ATTACHED TO AND FORM A PART OF THE POLICY REFERENCED BELOW.

Policy Number:  8242-8396

Policy Period:   May 31, 2016 to May 31, 2017

NOTE: PLEASE RETURN THIS BILL WITH REMITTANCE AND NOTE HEREON ANY CHANGES. BILL WILL BE
RECEIPTED AND RETURNED TO YOU PROMPTLY UPON REQUEST.

PLEASE REMIT TO PRODUCER INDICATED ABOVE. PLEASE REFER TO 8242-8396

| Product | Effective Date | Premium |
|---|---|---|
| CBPRIM | 05/31/16 | $72,482.00 |
| | | |
| Surcharge: Property-Liability Insurance Guaranty Association Recoupment - New Jersey | 05/31/16 | $652.34 |

* For Kentucky policies, amount displayed includes tax and collection fees.

| | | |
|---|---|---|
| **TOTAL POLICY PREMIUM** | | $73,134.34 |
| **TOTAL INSTALLMENT PREMIUM DUE** | | $73,134.34 |

Form 26-10-0426 (Ed. 2/98)

PREMIUM BILL

Date:   08/02/2016

Insured:   SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

Producer:   INTEGRO USA INC.
ONE CALIFORNIA ST 4TH FL
SAN FRANCISCO, CA 94111-0000

Company:   Chubb Insurance Company of New Jersey

THIS BILLING IS TO BE ATTACHED TO AND FORM A PART OF THE POLICY REFERENCED BELOW.

Policy Number:   8242-8396

Policy Period:   May 31, 2016 to May 31, 2017

NOTE: PLEASE RETURN THIS BILL WITH REMITTANCE AND NOTE HEREON ANY CHANGES. BILL WILL BE RECEIPTED AND RETURNED TO YOU PROMPTLY UPON REQUEST.

| Product | Effective Date | Commission Rate | Premium |
|---|---|---|---|
| CBPRIM | 05/31/16 | 15.00 % | $72,482.00 |
| | | | |
| Surcharge: Property-Liability Insurance Guaranty Association Recoupment - New Jersey | 05/31/16 | | $652.34 |

* For Kentucky policies, amount displayed includes tax and collection fees.

| | |
|---|---|
| TOTAL POLICY PREMIUM | $73,134.34 |
| TOTAL INSTALLMENT PREMIUM DUE | $73,134.34 |

WHEN REMITTING PLEASE INDICATE POLICY OR CERTIFICATE NUMBER

Form 26-10-0426 (Ed. 2/98)

# POLICYHOLDER
# DISCLOSURE NOTICE OF
# TERRORISM INSURANCE COVERAGE
### (for policies with no terrorism exclusion or sublimit)
### Insuring Company: Chubb Insurance Company of New Jersey

You are hereby notified that, under the Terrorism Risk Insurance Act (the "Act"), this policy makes available to you insurance for losses arising out of certain acts of terrorism. Terrorism is defined as any act certified by the Secretary of the Treasury of the United States, to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an air carrier or vessel or the premises of a United States Mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

You should know that the insurance provided by your policy for losses caused by acts of terrorism is partially reimbursed by the United States under the formula set forth in the Act. Under this formula, the United States pays 85% of covered terrorism losses that exceed the statutorily established deductible to be paid by the insurance company providing the coverage. Beginning in 2016, the Federal share will be reduced by 1% per year until it reaches 80%, where it will remain.

However, if aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year, the Treasury shall not make any payment for any portion of the amount of such losses that exceeds $100 billion.

If aggregate insured losses attributable to terrorist acts certified under the Act exceed $100 billion in a calendar year and we have met our insurer deductible under the Act, we shall not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

The portion of your policy's annual premium that is attributable to insurance for such acts of terrorism is: $ **-0-.**

If you have any questions about this notice, please contact your agent or broker.

# IMPORTANT NOTICE TO POLICYHOLDERS

Insuring Company: Chubb Insurance Company of New Jersey

All of the members of the Chubb Group of Insurance companies doing business in the United States (hereinafter "Chubb") distribute their products through licensed insurance brokers and agents ("producers").  Detailed information regarding the types of compensation paid by Chubb to producers on US insurance transactions is available under the Producer Compensation link located at the bottom of the page at www.chubb.com, or by calling 1-866-588-9478.  Additional information may be available from your producer.

Thank you for choosing Chubb.

10-02-1295 (ed. 6/2007)

# NOTICE OF LOSS CONTROL SERVICES

Insuring Company: Chubb Insurance Company of New Jersey

As a Chubb policyholder, you have loss prevention information and/or services available to you, as described in this Notice.

## Directors and Officers (D&O) Liability Loss Prevention Services

- ***Directors and Officers Liability Loss Prevention* Manual**
  Written by Dan A. Bailey exclusively for Chubb, *Directors and Officers Liability Loss Prevention* discusses general principles governing D&O liability and potential exposures for directors and officers. Mr. Bailey has also written *Directors and Officers Securities Litigation Loss Prevention* to address the exposures of publicly traded companies.  To order *Directors and Officers Liability Loss Prevention (form # 14-01-0035)* or *Directors and Officers Securities Litigation Loss Prevention (form # 14-01-0448),* simply call **1.866.282.9001,** order the form(s) you need, and provide your mailing address.

- ***Loss Prevention Guidelines for Independent Directors***
  Written exclusively for Chubb by Dan A. Bailey, this manual discusses roles played by independent directors, the increasing importance of independent directors, and corporate governance best practices.   To order *Loss Prevention Guidelines for Independent Directors*, simply call **1.866.282.9001**, order 14-01-0679, and provide your mailing address.

  Additionally, Chubb has prepared *The Great M&A Wave: Mergers, Acquisitions and Business Discontinuations Risk and Insurance Management Handbook*, which discusses the trends, exposures and strategies to manage the M&A risks.  To order *The Great M&A Wave: Mergers, Acquisitions and Business Discontinuations Risk and Insurance Management Handbook*, simply call **1.866.282.9001,** order 07-01-0101, and provide your mailing address.

---

The services provided are advisory in nature. While this program is offered as a resource in developing or maintaining a loss prevention program, you should consult competent legal counsel to design and implement your own program. No liability is assumed by reason of the services, access or information provided. All services are subject to change without notice.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity*
*Securities Liability Insurance*

---

**DECLARATIONS**

**CHUBB INSURANCE COMPANY OF NEW JERSEY**
A stock insurance company, incorporated under the laws of New Jersey, herein called the Company

15 Mountain View Road
Warren, New Jersey 07059

Policy Number: 8242-8396

**NOTICE: THIS IS A CLAIMS MADE POLICY, WHICH APPLIES ONLY TO "CLAIMS" FIRST MADE DURING THE "POLICY PERIOD", INCLUDING ANY APPLICABLE EXTENDED REPORTING PERIOD.  THE LIMIT OF LIABILITY TO PAY "LOSS" WILL BE REDUCED, AND MAY BE EXHAUSTED, BY "DEFENSE COSTS", AND "DEFENSE COSTS" SHALL BE APPLIED AGAINST THE RETENTION AMOUNT. THE COMPANY SHALL NOT BE LIABLE FOR "DEFENSE COSTS" OR THE AMOUNT OF ANY JUDGMENT OR SETTLEMENT UPON EXHAUSTION OF THE APPLICABLE LIMIT OF LIABILITY.  READ THE ENTIRE POLICY CAREFULLY.**

Item 1.  **Parent Organization**:
SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.
100 Town Square Place, Suite 204
Jersey City , NJ 07310

Item 2.   **Policy Period**:          From: May 31, 2016
                                      To:    May 31, 2017
                                      At 12:01 A.M local time at the address shown in Item 1.

Item 3.  **Limit of Liability**:

Each **Policy Period**:                                    $5,000,000.00

Item 4.  **Retentions**:

(A)  Insuring Clause (A):                                  None

(B)  Insuring Clause (B) (**Claims** other than **Securities Claims**):          $175,000.00

(C)  Insuring Clauses (B) and (C) (**Securities Claims** only):          $250,000.00

(D)  Inquiry Coverage (A):                                 None

(E)  Inquiry Coverage (B)(1):                              None

(F)  Inquiry Coverage (B)(2):                              $250,000.00



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity*
*Securities Liability Insurance*

Item 5.  **Extended Reporting Period**:

(A) Additional Period:       1 year

(B) Additional Premium:     150% of Annual Premium

Item 6.  **Pending or Prior Proceedings Date**:       July 24, 2008

In witness whereof, the Company issuing this policy has caused this policy to be signed by its authorized officers, but it shall not be valid unless also signed by a duly authorized representative of the Company.

**CHUBB INSURANCE COMPANY OF NEW JERSEY**

_____
Secretary

_____
President

_____
08/02/2016
Date

_____
Authorized Representative



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

In consideration of payment of the premium and subject to the Declarations and the limitations, conditions, provisions and other terms of this Policy, the Company and the Insureds agree as follows:

## I. INSURING CLAUSES

(A) Individual Non-Indemnified Liability Coverage

The Company shall pay, on behalf of an **Insured Person**, **Loss** on account of a **Claim** first made against the **Insured Person** during the **Policy Period**, except to the extent that such **Loss** has been paid or indemnified.

(B) Individual Indemnified Liability Coverage

The Company shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period**, to the extent the **Organization** pays or indemnifies such **Loss**.

(C) Entity Securities Coverage

The Company shall pay, on behalf of an **Organization**, **Loss** on account of a **Securities Claim** first made against the **Organization** during the **Policy Period**.

## II. INQUIRY COVERAGES

(A) Securityholder Derivative Demand Investigation Coverage

The Company shall pay, on behalf of an **Organization**, **Defense Costs** in an amount not to exceed $500,000 per **Policy Period** on account of all **Securityholder Derivative Demand Investigations** first made during the **Policy Period**, which amount is part of, and not in addition to, the Limit of Liability set forth in Item 3 of the Declarations.

(B) Interview Coverage

(1) The Company shall pay, on behalf of an **Insured Person**, **Defense Costs** incurred solely by such **Insured Person** on account of an **Interview** first made during the **Policy Period**, except to the extent that such **Defense Costs** have been paid or indemnified.

(2) The Company shall pay, on behalf of an **Organization**, **Defense Costs** incurred solely by an **Insured Person** on account of an **Interview** first made during the **Policy Period**, to the extent the **Organization** pays or indemnifies such **Defense Costs**.

## III. EXCLUSIONS

The Company shall not be liable for **Loss** on account of any **Claim**:

(A) Prior Notice



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

based upon, arising from or in consequence of any fact, circumstance or **Wrongful Act** that was the subject of any notice accepted under any policy of which this Policy is a direct or indirect renewal or replacement;

(B) <u>Pending or Prior Proceedings</u>
based upon, arising from or in consequence of any written demand first received by, or action, proceeding, **Claim** or **Related Claim** commenced against, any **Insured** on or prior to the Pending or Prior Proceedings Date set forth in Item 6 of the Declarations;

(C) <u>Entity v. Insured</u>
(1) brought by, or on behalf of, an **Organization** against another **Organization**; or

(2) brought by, or on behalf of:

(a) an **Organization** against an **Insured Person**; or

(b) an **Outside Entity** against an **Insured Person** serving in his capacity as such for such **Outside Entity**,

provided that Paragraph (C)(2) above shall not apply to a **Claim** brought:

(i) outside the United States of America or Canada;

(ii) while the **Parent Organization** is in **Financial Impairment**;

(iii) against an **Insured Person** serving in his capacity as such for an **Outside Entity** while such **Outside Entity** is in **Financial Impairment**;

(iv) as a securityholder derivative action; or

(v) while such **Insured Person** is no longer serving in his capacity as such;

(D) <u>Bodily Injury/Violation of Right of Privacy/Property Damage</u>
for bodily injury, violation of any right of privacy, mental anguish, humiliation, emotional distress, sickness, disease or death of any person or damage to or destruction of any tangible property, including loss of use thereof, whether or not it is damaged or destroyed; provided that this Exclusion (D) shall not apply to any invasion of privacy, mental anguish, humiliation or emotional distress for which a claimant seeks compensation in an employment-related claim;

(E) <u>ERISA</u>
for any violation of the responsibilities, obligations or duties imposed by **ERISA**; or

(F) <u>Conduct</u>
based upon, arising from or in consequence of:

(1) any deliberate fraud, any criminal act, or any knowing and willful violation of any statute or regulation, by an **Insured**; or

(2) an **Insured** having gained any profit, remuneration or other advantage to which such **Insured** was not legally entitled,

established by a final, non-appealable adjudication in any underlying action or proceeding (other than a declaratory action or proceeding brought by or against the Company), provided that:

**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
**Directors & Officers and Entity Securities**
*Liability Insurance*

    (a) no conduct pertaining to any **Insured Person** shall be imputed to any other **Insured Person**; and

    (b) conduct pertaining to any past, present, or future chief financial officer, chief executive officer or chief operating officer (or an equivalent position to any of the foregoing worldwide) of an **Organization** shall be imputed to such **Organization** and its **Subsidiaries**.

## IV. LIMIT OF LIABILITY

(A) The Company's maximum aggregate liability for all **Loss** shall be the Limit of Liability set forth in Item 3 of the Declarations, subject to any sublimits in this Policy.

(B) **Defense Costs** are part of, and not in addition to, the Limit of Liability set forth in Item 3 of the Declarations.

(C) The limit of liability available during the Extended Reporting Period, if applicable, shall be part of, and not in addition to, the Limit of Liability set forth in Item 3 of the Declarations.

## V. RETENTION

(A) The Retentions shall apply as set forth in Item 4 of the Declarations and shall only apply to covered **Loss**.

(B) If different parts of a single **Claim** are subject to different Retentions, then the total amount of **Loss** applied to the applicable Retentions shall not exceed the largest applicable Retention.

(C) Any payment by an **Organization** of a Retention on account of an **Interview** shall reduce any Retention due from the **Organization** on account of a **Claim** subsequently afforded coverage under Insuring Clause (B), Individual Indemnified Liability Coverage, that is based upon, arising from or in consequence of any fact or circumstance that was the subject of such **Interview**.

## VI. REPORTING

(A) The **Insureds** shall, as a condition precedent to exercising any right to coverage under this Policy, give to the Company written notice of any **Claim** no later than:

    (1) one hundred and eighty (180) days after this Policy expires and is renewed with the Company; provided, however, if the **Parent Organization** can prove to the Company's satisfaction that it was not reasonably possible for the **Insureds** to give such notice within the one hundred and eighty (180) day time period and that subsequent notice was given as soon as reasonably possible thereafter, the Company shall waive the foregoing time period; or

    (2) sixty (60) days after: (a) this Policy expires or terminates and is not renewed with the Company; or (b) the expiration date of the Extended Reporting Period, if applicable.

(B) If during the **Policy Period** an **Insured** gives written notice to the Company of:

    (1) circumstances which could give rise to a **Claim**;

    (2) receipt of a written request to toll or waive a statute of limitations applicable to a **Wrongful Act**; or



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(3) an **Interview** or a **Securityholder Derivative Demand Investigation**,

then any **Claim** subsequently arising from the circumstances, **Wrongful Act**, **Interview** or **Securityholder Derivative Demand Investigation** described in Paragraph (B)(1) or (B)(2) or (B)(3) above shall be deemed to have been first made during the **Policy Period** in which such written notice was first given by an **Insured** to the Company; provided any such subsequent **Claim** is reported to the Company as soon as practicable after the in-house general counsel or risk manager of the **Parent Organization** becomes aware of such **Claim**.

(C) The **Insured** shall give to the Company in any written notice described in Subsection (A) or (B) above a description of the **Claim**, circumstances, request to toll or waive a statute of limitations, **Interview** or **Securityholder Derivative Demand Investigation**, the nature of any alleged **Wrongful Acts**, the nature of the alleged or potential damage and the names of all actual or potential defendants.

## VII. ADVANCEMENT OF DEFENSE COSTS

(A) The Company shall advance covered **Defense Costs** on account of a **Claim** reported pursuant to Section VI, Reporting, on a current basis after receipt by the Company of bills detailing such **Defense Costs** and all other information requested by the Company with respect to such bills until the applicable Limit of Liability set forth in Item 3 of the Declarations has been satisfied.

Furthermore, if an **Organization** refuses in writing, or fails within sixty (60) days of an **Insured Person's** written request for indemnification, to advance, pay or indemnify an **Insured Person** for **Loss** on account of a **Claim**, then, upon the reporting of the **Claim** pursuant to Section VI, Reporting, the Company shall advance covered **Defense Costs** until such time that the **Organization** accepts the **Insured Person's** request for indemnification or the applicable Limit of Liability set forth in Item 3 of the Declarations has been exhausted, whichever first occurs.

(B) Any advancement of **Defense Costs** shall be repaid to the Company by the **Insureds**, severally according to their respective interests, if and to the extent it is determined that such **Defense Costs** are not insured under this Policy. However, the Company shall not seek repayment from an **Insured** of advanced **Defense Costs** that are uninsured pursuant to Exclusion III(F), Conduct, unless a final, non-appealable adjudication has occurred.

(C) Any advancement of **Defense Costs** by the Company shall reduce the Limit of Liability set forth in Item 3 of the Declarations.  If the Company recovers any such **Defense Costs** paid, the amount of such **Defense Costs** less all costs incurred by the Company to obtain such recovery shall be reinstated to the Limit of Liability set forth in Item 3 of the Declarations.

## VIII. DEFENSE AND SETTLEMENT

(A) The **Insured**:

(1) shall have the sole duty to defend **Claims** made against the **Insured**;

(2) agrees not to settle or offer to settle any **Claim**, incur any **Defense Costs** or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the Company's prior written consent, subject to Paragraph (A)(3) below;



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(3) may settle a **Claim** without the Company's prior consent if the **Claim** is reported pursuant to Section VI, Reporting, and the amount of such settlement and **Defense Costs** does not exceed the amount of the applicable Retention; and

(4) agrees to provide the Company with all information, assistance and cooperation which the Company may reasonably require and agrees that, in the event of a **Claim**, the **Insured** shall not do anything that could prejudice the Company's position or its potential or actual rights of recovery; provided that the failure of any **Insured Person** to give the Company such information, assistance or cooperation shall not impair the rights of any other **Insured Person** under this Policy.

(B) The Company:

(1) shall have the right and shall be given the opportunity to effectively associate with the **Insured** and shall be consulted in advance by the **Insured**, regarding the investigation, defense and settlement of any **Claim** that appears reasonably likely to be covered in whole or in part under this Policy, including selecting appropriate defense counsel and negotiating any settlement;

(2) shall not be liable for any element of **Loss** incurred in excess of the amount of the applicable Retention, for any obligation assumed, or for any admission made, by any **Insured** without the Company's prior written consent, which the Company shall not unreasonably withhold; and

(3) may, in its sole discretion, waive the consent requirement in Paragraph (B)(2) above with respect to **Defense Costs** incurred within ninety (90) days prior to the reporting of a **Claim** pursuant to Section VI, Reporting.

## IX. RELATED CLAIMS

All **Related Claims** shall be deemed a single **Claim** made in the **Policy Period** in which the earliest of such **Related Claims** was either first made or deemed to have been made in accordance with Section VI(B), Reporting.

## X. ALLOCATION

The **Insureds** and the Company shall use their best efforts to determine an allocation between **Loss** that is covered and **Loss**, or any other amount, that is not covered based on the relative legal and financial exposures of the covered parties to the covered matters.

## XI. PRIORITY OF PAYMENTS

(A) It is understood and agreed that any coverage provided under this Policy is principally intended to protect and benefit the **Insured Persons**.  Accordingly, in the event that: (1) **Loss** for which an **Insured Person** has not been paid or indemnified; and (2) any other **Loss**, are concurrently due under this Policy, then the **Loss** described in (1) above shall be paid first.

(B) Except as otherwise provided in Subsection (A) above, the Company may pay covered **Loss** as it becomes due under this Policy without regard to the potential for other future payment obligations under this Policy.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

## XII. OTHER INSURANCE AND INDEMNITY

(A) If any **Loss** covered under this Policy is insured under any other valid and collectible insurance policy (other than an insurance policy that is issued specifically as excess over the Limits of Liability provided by this Policy or a personal umbrella policy or personal directorship liability policy purchased by an **Insured Person**), then this Policy shall cover such **Loss**, subject to its terms and conditions, only to the extent that the amount of such **Loss** is in excess of the applicable retention or deductible and limit of liability under such other insurance, whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise.

(B) This Policy shall be specifically excess of, and shall not contribute with, any insurance policy for: third party liability coverage for environmental exposures, employment practices liability or professional liability.

(C) Any payment by an **Insured** of a retention or deductible under any other insurance policy described in Subsection (A) or (B) above shall reduce the applicable Retention under this Policy by the amount of such payment which would otherwise have been covered **Loss** under this Policy.

(D) Any coverage afforded under this Policy for a **Claim** in connection with an **Insured Person** serving in his capacity as such for an **Outside Entity** shall be specifically excess of any indemnity and insurance available to such **Insured Person** by, or on behalf of, such **Outside Entity**. Notwithstanding the foregoing, if the Company or any subsidiary or affiliate of The Chubb Corporation makes payment under another policy on account of such **Claim**, the Limit of Liability for this Policy with respect to such **Claim** shall be reduced by the amount of such payment.

## XIII. INDEMNIFICATION AND SUBROGATION

(A) This Policy has been issued to the **Parent Organization** with the understanding and agreement that each **Organization** agrees to fulfill its indemnification obligations to each **Insured Person** to the fullest extent permitted by: (1) any United States law; and (2) any contract or agreement providing an indemnification obligation exceeding any such law.   If the Company pays as **Loss** any indemnification owed to any **Insured Person** by any **Organization**, the Company does not waive or compromise any of its rights to recover such **Loss** from such **Organization**.

(B) In the event of any payment of **Loss** under this Policy, the Company shall be subrogated to the extent of such payment of **Loss** to all of the **Insureds'** rights of recovery, including any such right to indemnification from any **Organization**, **Outside Entity**, other insurer or other source. The **Insureds** shall take all reasonable actions to secure and preserve the Company's rights, including any action against any **Organization** for indemnification.

## XIV. EXTENDED REPORTING PERIOD

(A) If this Policy does not renew or otherwise terminates for a reason other than for non-payment of premium (each a "Termination of Coverage"), then an **Insured** shall have the right to purchase the Extended Reporting Period for the Additional Period and Additional Premium set forth in Item 5 of the Declarations and the Extended Reporting Period shall become part of the **Policy Period**.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(B) The right to purchase the Extended Reporting Period shall lapse unless written notice of election to purchase the Extended Reporting Period, together with payment of the Additional Premium, is received by the Company within sixty (60) days after the effective date of a Termination of Coverage.

(C) If the Extended Reporting Period is purchased, then coverage otherwise afforded by this Policy shall be extended to apply to **Claims** that are:

    (1) first made during the Extended Reporting Period;

    (2) reported to the Company in accordance with Section VI, Reporting; and

    (3) for **Wrongful Acts** before the effective date of a Termination of Coverage or the date of any conversion of coverage described in Section XVI, Acquisition of the Parent Organization, whichever first occurs.

(D) The Additional Premium for the Extended Reporting Period shall be deemed fully earned at the inception of the Extended Reporting Period.

(E) No coverage shall be available under this Section XIV for that portion of any **Claim**, **Securityholder Derivative Demand Investigation** or **Interview** covered under insurance purchased subsequent to the effective date of a Termination of Coverage.

## XV. ACQUISITION OR CESSATION OF SUBSIDIARIES

(A) Acquisition of a Subsidiary

    (1) If before or during the **Policy Period** an **Organization** acquires voting rights in another entity, such that the acquired entity becomes a **Subsidiary**, then such **Subsidiary** and the **Insured Persons** thereof, shall be **Insureds** only with respect to **Wrongful Acts** after such acquisition.

    (2) If a **Subsidiary** is acquired during the **Policy Period** pursuant to Paragraph (1) above and the total assets of such **Subsidiary** exceed fifteen percent (15%) of the total assets of the **Parent Organization** (as reflected in the most recent audited consolidated financial statements of such **Subsidiary** and the **Parent Organization**, respectively, as of the date of such acquisition), the **Parent Organization** shall, no later than sixty (60) days after the date of such acquisition, give written notice of such acquisition to the Company together with all information the Company may require.  Coverage for any such acquired **Subsidiary** and its **Insured Persons** shall be subject to additional or different terms and conditions and payment of additional premium.

    If the **Parent Organization** fails to give such notice and information in accordance with the foregoing, coverage for such acquired **Subsidiary** and its **Insured Persons** shall terminate with respect to **Claims** first made more than sixty (60) days after such acquisition.

(B) Cessation of a Subsidiary

    If before or during the **Policy Period** an **Organization** ceases to be a **Subsidiary**, then with respect to such **Subsidiary** and its **Insured Persons** coverage shall continue for **Claims** for **Wrongful Acts** while such **Organization** was a **Subsidiary** in accordance with either Section XVI, Acquisition of the Parent Organization, or Section XIX, Termination of Policy, whichever first occurs.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

## XVI. ACQUISITION OF THE PARENT ORGANIZATION

(A) If during the **Policy Period** the **Parent Organization** is acquired such that another entity, person or group of entities or persons acting in concert, acquires more than fifty percent (50%) of the outstanding securities representing the present right to vote for the election of directors or **LLC Managers** of the surviving entity, then:

    (1) coverage under this Policy shall continue until the expiration of the current **Policy Period**, solely for **Claims** for **Wrongful Acts** prior to such acquisition; and

    (2) the entire premium for this Policy shall be deemed fully earned as of the effective date of such acquisition.

(B) If the **Parent Organization** gives the Company written notice of an acquisition described in Subsection (A) above at least thirty (30) days prior to the date of such acquisition together with all information that the Company may require, the Company shall provide the **Parent Organization** with a quote for up to a six (6) year extension of coverage solely for **Claims** for **Wrongful Acts** prior to such acquisition (the "Run-Off Quote").  Coverage offered pursuant to the Run-Off Quote shall be subject to additional or different terms and conditions and payment of additional premium.  If the **Parent Organization** accepts the Run-Off Quote, the extension of coverage provided pursuant to the Run-Off Quote shall replace any extension of coverage that would otherwise be available to the **Insureds** pursuant to Section XIV, Extended Reporting Period.

## XVII. SPOUSES, DOMESTIC PARTNERS, ESTATES AND LEGAL REPRESENTATIVES

Coverage under this Policy shall extend to **Claims** for **Wrongful Acts** of an **Insured Person** made against:

(A) the estate, heirs, legal representatives or assigns of such **Insured Person** if such **Insured Person** is deceased or the legal representatives or the assigns of such **Insured Person** if such **Insured Person** is legally incompetent, insolvent or bankrupt; or

(B) the lawful spouse or domestic partner of such **Insured Person** solely by reason of such spouse's or domestic partner's: (1) status as a spouse or domestic partner;  or (2) ownership interest in property which the claimant seeks as recovery for an alleged **Wrongful Act** of such **Insured Person**,

provided that, no coverage provided by this Section XVII shall apply with respect to loss arising from an act, error or omission by an **Insured Person's** estate, heirs, legal representatives, assigns, spouse or domestic partner.

## XVIII. NOTICE

(A) All notices to the Company under this Policy of a **Claim**, circumstances which could give rise to a **Claim**, a written request to toll or waive a statute of limitations, a **Securityholder Derivative Demand Investigation** or an **Interview** shall be given in writing to one of the following addresses:

    (1) specialtyclaims@chubb.com;

    (2) Attn: Claims Department
        Chubb Group of Insurance Companies



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

82 Hopmeadow St.- P.O. Box 2002
Simsbury, CT 06070-7683; or

(3)  Attn: Claims Department
Chubb Group of Insurance Companies
82 Hopmeadow St.
Simsbury, CT 06089.

(B)  All other notices to the Company under this Policy shall be given in writing addressed to:

Attn: Chubb Specialty Insurance Underwriting Department
Chubb Group of Insurance Companies
15 Mountain View Road
Warren, New Jersey  07059.

(C)  Any notice described in Subsection (A) or (B) above shall be effective on the date of receipt by the Company.

## XIX. TERMINATION OF POLICY

This Policy shall terminate at the earliest of the following times:

(A)  ten (10) days after receipt by the **Parent Organization** of written notice of termination from the Company for non-payment of premium;

(B)  upon expiration of the **Policy Period**; or

(C)  at such other time as may be agreed upon by the Company and the **Parent Organization**, in which case any returned premium shall be computed on a pro rata basis.

## XX. BANKRUPTCY

(A)  Bankruptcy or insolvency of any **Insured** shall not relieve the Company of its obligations nor deprive the Company of its rights or defenses under this Policy.

(B)  In the event a liquidation or reorganization proceeding is commenced by or against an **Organization** under United States bankruptcy law, the **Organization** and the **Insured Persons** hereby agree not to oppose or object to any efforts by the Company, the **Organization** or an **Insured Person** to obtain relief from any stay or injunction.

## XXI. REPRESENTATIONS AND SEVERABILITY

(A)  The Company, in issuing this Policy, has relied upon the statements, representations and information in the **Application** as being true and accurate.  The **Application** is the basis for, and considered incorporated into, this Policy and shall be construed as a separate request for coverage by each **Insured**.

(B)  With respect to any statements, representations and information contained in the **Application**, no knowledge possessed by any **Insured Person** shall be imputed to any other **Insured Person**.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(C) If the **Application** contains any misrepresentations which were made with the actual intent to deceive or which materially affect the Company's acceptance of the risk or the hazard assumed, the Company shall not be liable for **Loss** on account of any **Claim** based upon, arising from, or in consequence of, any such misrepresentations under:

(1) Insuring Clause (A), Individual Non-Indemnified Liability Coverage, with respect to any **Insured Person** who had actual knowledge of the matters misrepresented;

(2) Insuring Clause (B), Individual Indemnified Liability Coverage, with respect to any **Organization** to the extent such **Organization** indemnifies any **Insured Person** who had actual knowledge of the matters misrepresented; or

(3) Insuring Clause (C), Entity Securities Coverage, with respect to any **Organization** if a past or present chief executive officer or chief financial officer of the **Parent Organization** had actual knowledge of the matters misrepresented.

(D) The Company shall not be entitled under any circumstances to void or rescind this Policy with respect to any **Insured**.

## XXII. VALUATION AND FOREIGN CURRENCY

All premiums, limits, retentions, **Loss** and other amounts under this Policy are expressed and payable in the currency of the United States of America.  Except as otherwise provided in this Policy, if a judgment is rendered, a settlement is denominated or any element of **Loss** under this Policy is stated in a currency other than United States of America dollars, payment under this Policy shall be made in United States of America dollars at the rate of exchange published in <u>The Wall Street Journal</u> on the date the judgment becomes final, the amount of the settlement is agreed upon or any element of **Loss** is due, respectively.

## XXIII. ACTION AGAINST THE COMPANY

No action may be taken against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy.  No person or entity shall have any right under this Policy to join the Company as a party to any action against any **Insured** to determine such **Insured's** liability nor shall the Company be impleaded by such **Insured** or legal representatives of such **Insured**.

## XXIV. ROLE OF PARENT ORGANIZATION

By acceptance of this Policy, the **Parent Organization** agrees that it shall be considered the sole agent of, and shall act on behalf of, each **Insured** with respect to: (A) the payment of premiums and the receiving of return premiums that may become due under this Policy; (B) the negotiation, agreement to and acceptance of endorsements; and (C) the giving or receiving of any notice provided for in this Policy (except the giving of notice of a **Claim**, circumstances which could give rise to a **Claim**, a written request to toll or waive a statute of limitations, a **Securityholder Derivative Demand Investigation** or an **Interview** as provided in Section VI, Reporting, or the giving of notice to apply for an Extended Reporting Period as provided in Section XIV, Extended Reporting Period).  Each **Insured** agrees that the **Parent Organization** shall act on its behalf with respect to all such matters.

**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

## XXV. ALTERATION AND ASSIGNMENT

No change in, modification of, or assignment of interest under, this Policy shall be effective except when made by written endorsement to this Policy which is signed by an authorized representative of the Company.

## XXVI. WORLDWIDE TERRITORY AND APPLICATION OF LAW

(A)  This Policy shall apply anywhere in the world.

(B)  Any reference to United States law shall include:

(1)  United States federal, state and local statutory law and any rule or regulation promulgated thereunder;

(2)  United States common law; and

(3)  with respect to Paragraphs (B)(1) and (B)(2) above, any equivalent body of law anywhere in the world.

(C)  If the **Parent Organization** requests directors and officers liability policies for issuance to its foreign **Subsidiaries** in their own countries, the Company or a subsidiary or affiliate of The Chubb Corporation shall provide a quote to the **Parent Organization** for such policies; provided that the Company or a subsidiary or affiliate of The Chubb Corporation can support or facilitate the issuance of the policies to such foreign **Subsidiaries** in their applicable foreign countries.  Any coordination of coverage under such policies with coverage under this Policy shall be set forth in an endorsement attached to this Policy.

## XXVII. HEADINGS

The descriptions in the headings and sub-headings of this Policy are solely for convenience and form no part of the terms and conditions of coverage.

## XXVIII. COMPLIANCE WITH APPLICABLE TRADE SANCTION LAWS

This insurance does not apply to the extent that any United States trade or economic sanctions law or any other similar United States law prohibits the Company from providing insurance.

## XXIX. DEFINITIONS

When used in this Policy:

**Application** means:

(A)  any application, including attachments, or any written information or representations, provided to the Company by, or on behalf of, an **Insured** during the negotiation of this Policy or for the purposes of the Company's underwriting of this Policy;



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(B) all publicly available documents filed by an **Organization** with the Securities and Exchange Commission during the twelve (12) months preceding this Policy's inception date; and

(C) if applicable, any warranty provided to the Company within the past three (3) years in connection with any  policy of which this Policy is a renewal or replacement.

**Claim** means any:

(A) written demand (other than a securityholder derivative demand) for:

(1) monetary or non-monetary (including injunctive) relief; or

(2) arbitration or mediation,

against an **Insured** for a **Wrongful Act**, commenced by the first receipt of such demand by an **Insured**;

(B) proceeding, including any appeal therefrom, against an **Insured** for a **Wrongful Act**, commenced by:

(1) the service of a civil complaint or similar pleading;

(2) the filing of a notice of charges or the entry of a formal order of investigation in connection with a formal civil administrative or formal civil regulatory proceeding; provided that such proceeding is pending against at least one named **Insured Person**; or

(3) solely with respect to a criminal proceeding: (a) an arrest; (b) the return of an indictment, information or similar document; or (c) the receipt of an official request for **Extradition**;

(C) investigation of an **Insured Person** for a **Wrongful Act**, commenced by the **Insured Person's** receipt of a written document from an **Enforcement Unit** identifying such **Insured Person** as the target of an investigation, including a Wells Notice, target letter or search warrant; or

(D) written request upon an **Insured Person** for witness testimony or document production, commenced by the service of a subpoena or other similar document compelling such testimony or production of documents in connection with any matter described in Subsections (A) through (C) above; provided that in such event the Company shall pay, on behalf of such **Insured Person**, **Defense Costs** incurred solely by such **Insured Person** in responding to such request.

**Defense Costs** means that part of **Loss** consisting of reasonable costs, charges, fees (including, attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees or benefits of any **Insured Person**) incurred with the Company's prior written consent: (A) in investigating, defending, opposing or appealing any **Claim** and the premium for appeal, attachment or similar bonds; (B) in a **Securityholder Derivative Demand Investigation**; or (C) as a result of an **Interview**.

**Enforcement Unit** means any federal, state, local or provincial law enforcement or provincial regulatory authority worldwide (including the U.S. Department of Justice, the U.S. Securities and Exchange Commission and any attorney general) or the enforcement unit of any securities exchange or similar self-regulatory organization.

**ERISA** means the Employee Retirement Income Security Act of 1974 (including amendments relating to the Consolidated Omnibus Budget Reconciliation Act of 1985 and the Health Insurance Portability and Accountability Act of 1996), all as amended, or any similar United States law.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey 07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

**Extradition** means any formal process by which an **Insured Person** located in any country is surrendered to any other country for trial or otherwise to answer any criminal accusation, including the execution of an arrest warrant where such execution is an element of such process.

**Financial Impairment** means the status of an **Organization** resulting from:

(A) the appointment by a state or federal official, agency or court of any receiver, conservator, liquidator, trustee, rehabilitator or similar official to take control of, supervise, manage or liquidate such **Organization**; or

(B) such **Organization** becoming a debtor in possession under United States bankruptcy law.

**Insured** means any **Organization** and any **Insured Person**.

**Insured Person** means any natural person who was, now is or shall become:

(A) a duly elected or appointed director, officer, **LLC Manager**, trustee, regent, governor, risk manager or the in-house general counsel of any **Organization** organized in the United States of America;

(B) a holder of an equivalent position to those described in Subsection (A) above in an **Organization** that is organized in a jurisdiction other than the United States of America;

(C) a holder of an equivalent position to those described in Subsection (A) or (B) above in an **Outside Entity**, but solely while serving at the specific request or direction of the **Organization**; or

(D) solely with respect to **Securities Claims**, any other employee of an **Organization**.

**Interview** means a request for an interview or meeting with, or a sworn statement from, an **Insured Person** by:

(A) an **Enforcement Unit** in connection with: (1) such **Insured Person** acting in his capacity as such; or (2) an **Organization's** business activities; or

(B) an **Organization** in connection with: (1) an inquiry or investigation of the **Organization** by an **Enforcement Unit**; or (2) a securityholder derivative demand, commenced by the first receipt of such request by such **Insured Person**,

provided that **Interview** does not include: (a) any request for document production or discovery; (b) any request by an **Enforcement Unit** that is part of any routine or regularly scheduled **Enforcement Unit** oversight, compliance, audit, inspection or examination; or (c) any request by an **Enforcement Unit** that is part of an employment-related investigation or claim.

**LLC Manager** means any natural person who was, now is or shall become a manager, member of the Board of Managers or equivalent executive of an **Organization** that is a limited liability company.

**Loss** means the amount which any **Insured** becomes legally obligated to pay as a result of any **Claim**, **Securityholder Derivative Demand Investigation** or **Interview**, including:

(A) compensatory damages;



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(B)  punitive, exemplary or multiplied damages, if and to the extent that such damages are insurable under the law of the jurisdiction most favorable to the insurability of such damages; provided such jurisdiction has a substantial relationship to the relevant **Insureds**, to the Company, or to the **Claim** giving rise to such damages;

(C)  civil fines or penalties assessed against an **Insured Person** for a violation of any United States law, including civil fines or penalties assessed pursuant to 15 U.S.C. §78dd-2(g)(2)(B) (the Foreign Corrupt Practices Act); provided that such violation is neither intentional nor willful and such fines or penalties are insurable under the law pursuant to which this Policy is construed;

(D)  judgments, including pre-judgment and post-judgment interest;

(E)  settlements; and

(F)  **Defense Costs**;

**Loss** does not include any portion of such amount that constitutes any:

(1)  cost incurred by the **Organization** to comply with any order for non-monetary (including injunctive) relief, or to comply with an agreement to provide such relief;

(2)  amount not insurable under the law pursuant to which this Policy is construed; provided that the Company shall not assert that any amount attributable to violations of Sections 11, 12 or 15 of the Securities Act of 1933, as amended, is subject to this Paragraph (2), unless such amount is determined to be uninsurable in a final, non-appealable adjudication in any action or proceeding (other than a declaratory or equivalent action or proceeding brought by or against the Company);

(3)  amount that represents or is substantially equivalent to an increase in the consideration paid (or proposed to be paid) by an **Organization** in connection with its purchase of any securities or assets;

(4)  tax; except, solely for the purposes of Insuring Clause (A), Individual Non-Indemnified Liability Coverage, any tax imposed upon an **Insured Person** in his capacity as such in connection with any bankruptcy, receivership, conservatorship, or liquidation of an **Organization**, to the extent that such tax is insurable under the law pursuant to which this Policy is construed;

(5)  fine or penalty, except as provided in Subsection (B) or (C) above; or

(6)  cost incurred in cleaning-up, removing, containing, treating, detoxifying, neutralizing, assessing the effects of, testing for or monitoring **Pollutants**.

**Organization** means the **Parent Organization** and any **Subsidiary**. **Organization** shall also mean any such entity as a debtor in possession under United States bankruptcy law.

**Outside Entity** means:

(A)  any non-profit corporation, community chest, fund or foundation that is exempt from federal income tax as an entity described in Section 501(c)(3) of the United States Internal Revenue Code, as amended; or

(B)  any other entity specifically added as an **Outside Entity** by written endorsement attached to this Policy,

that is not an **Organization**.



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

**Parent Organization** means the entity named in Item 1 of the Declarations.

**Policy Period** means the period of time set forth in Item 2 of the Declarations (subject to any termination in accordance with Section XIX, Termination of Policy) and the Extended Reporting Period, if applicable.

**Pollutants** means any solid, liquid, gaseous or thermal irritants or contaminants, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, asbestos, asbestos products or waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

**Related Claims** means all **Claims** based upon, arising from or in consequence of the same or related facts, circumstances or **Wrongful Acts**.

**Securities Claim** means a **Claim**:

(A) against an **Insured** for a violation of any United States securities law, but solely in connection with the securities of an **Organization**;

(B) against an **Insured** for a common law cause of action, pled in tandem with, or in lieu of, any securities law violation described in Subsection (A) above and brought by:

    (1) a securityholder of an **Organization** with respect to his interest in the securities of such **Organization**; or

    (2) any person or entity in connection with the purchase, sale or offer to purchase or sell securities of an **Organization**; or

(C) brought as a derivative action, on behalf of an **Organization** against an **Insured Person**, including an action brought by or on behalf of the **Organization** seeking to dismiss a derivative action that a committee of such **Organization's** Board of Directors has concluded is not in the best interest of the **Organization**.

**Securityholder Derivative Demand Investigation** means an investigation by an **Organization** to determine whether it is in the best interest of such **Organization** to prosecute the claims alleged in a securityholder derivative demand or action, commenced upon:

(A) receipt of such demand; or

(B) service of a civil complaint or similar proceeding with respect to such action.

**Subsidiary** means:

(A) any entity while more than fifty percent (50%) of the outstanding securities or other equity ownership, representing the present right to vote for election of, or to appoint, directors, **LLC Managers**, or the foreign equivalent of any such directors or **LLC Managers** of such entity, are owned or controlled by the **Parent Organization** directly or indirectly through one or more **Subsidiaries**; or

(B) any entity while the **Parent Organization** has the right, pursuant to either written contract or the by-laws, charter, operating agreement or similar documents of an **Organization**, to elect or appoint a majority of the Board of Directors of a corporation or **LLC Managers**.

**Wrongful Act** means:



**Chubb Group of Insurance Companies**
15 Mountain View Road
Warren, New Jersey  07059

*The Chubb Primary*
*Directors & Officers and Entity Securities*
*Liability Insurance*

(A) any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by:  (1) an **Insured Person** in his capacity as such; or (2) for purposes of any coverage afforded under Insuring Clause (C), Entity Securities Coverage, by the **Organization**; or

(B) any other matter claimed against an **Insured Person** solely by reason of serving in his capacity as such.

*The Chubb Primary*

# Schedule of Forms

To be attached to and form part of          Company:   Chubb Insurance Company of New Jersey
Policy No.   8242-8396

Issued to:   SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

The Chubb Primary CICNJ Policy Directors and Officers and Entity Securities Liability Insurance

14-02-18672 (1/12 ed.)

14-02-18740 (10/12 ed.)

14-02-19223 (12/12 ed.)

14-02-19240 (10/12 ed.)

14-02-19268 (10/13 ed.)

14-02-19323 (10/12 ed.)

14-02-19325 (12/15 ed.)

14-02-19329 (9/12 ed.)

14-02-19356 (10/12 ed.)

14-02-19360 (10/14 ed.)

14-02-19454 (7/12 ed.)

14-02-19540 (9/12 ed.)

14-02-19554 (10/12 ed.)

14-02-19555 (10/12 ed.)

14-02-19557 (10/12 ed.)

14-02-19589 (10/12 ed.)

14-02-19692 (12/12 ed.)

14-02-19698 (12/12 ed.)

14-02-19902 (8/14 ed.)

14-02-19959 (6/13 ed.)

14-02-19993 (2/15 ed.)

14-02-20084 (10/13 ed.)

14-02-21225 (7/14 ed.)

14-02-21301 (5/16 ed.)

14-02-21317 (12/14 ed.)

14-02-21409 (1/15 ed.)

14-02-21413 (2/15 ed.)

14-02-21769 (3/15 ed.)

14-02-21787 (4/15 ed.)

14-02-21804 (5/15 ed.)

14-02-22004 (3/16 ed.)

14-02-22010 (3/16 ed.)

**ENDORSEMENT**

Effective date of
this endorsement: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement No. 1

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

NEW JERSEY AMENDATORY ENDORSEMENT

In consideration of the premium charged, it is agreed that:

1.     Section XIV., Extended Reporting Period, is deleted and replaced with the following:

If the Company or the **Parent Organization** terminates or does not renew this Policy, for any reason, then the **Insured** shall have the right to purchase an Extended Reporting Period for the twelve (12) month period beginning on the effective date of the termination or non-renewal of this Policy.  The premium for this Extended Reporting Period shall be the amount set forth in Item 5 of the GTC Declarations.

This right to purchase an Extended Reporting Period shall lapse unless written notice of election to purchase the Extended Reporting Period, together with payment of the additional premium due is received by the Company within thirty (30) days following the effective date of the termination or non-renewal of this Policy.

If the Extended Reporting Period is purchased, then coverage otherwise afforded by this Endorsement will be extended to apply to **Claims** first made during such Extended Reporting Period and reported in accordance with this Endorsement, but only for **Wrongful Acts** occurring or allegedly occurring before the effective date of termination or nonrenewal.  The entire additional premium for the Extended Reporting Period shall be deemed fully earned at the inception of such Extended Reporting Period. Any **Claim** made during the Extended Reporting Period shall be deemed to have been made during the immediately preceding **Policy Period**. The Limit of Liability for the Extended Reporting Period shall be part of and not in addition to the applicable Limits of Liability for the immediately preceding **Policy Period**.

If money is owed to the Company under this Policy, then such Extended Reporting Period will not become effective until all amounts due under this Policy are paid and the premium for the Extended Reporting Period is paid when due.  Any premium paid for the Extended Reporting Period will be applied first to amounts owed under this Policy.

2.     Paragraph (A) of Section XIX., Termination of Policy, is amended by adding the following:

provided that such notice of termination by the Company shall be delivered or mailed by first class mail (if the Company retains a date stamped proof of mailing from the post office showing the addressee) or certified mail to the **Parent Organization** at its last address known to the Company and shall clearly state the effect of nonpayment by the due date;

3.     Section XIX, Termination of Policy, is amended by adding the following to the end of such section:

provided that, non-renewal by the Company is effective if the Company mails or delivers, by first class mail (if the Company retains a date stamped proof of mailing from the post office showing the addressee) or certified mail, between thirty (30) and one hundred and twenty (120) days' advance written notice of non-renewal to the **Parent Organization** at its last known address.  Such non-renewal will be based on underwriting guidelines that are not arbitrary, capricious or unfairly discriminatory and the notice of non-renewal will state the reason(s) for non-renewal. If the Company does not provide the notice within the time period specified in this paragraph, this Policy will be extended until such notice is provided, with such extension conditioned upon the payment of premium calculated by pro-rating the premium for the expiring **Policy Period**; or

4.     Any notice of non-renewal by the Company will contain a provision in bold type stating that the **Parent Organization** may file a written complaint on the decision to non-renew with the New Jersey Department of Insurance.  The Department's address will be included and the **Parent Organization** will be advised to immediately contact the Insurance Department in the event it wishes to file a complaint.

The Company has no obligation to send notice of termination or non-renewal if the **Parent Organization** has:

    (1)    replaced coverage elsewhere; or

    (2)    specifically requested termination.

The Company may increase the premium or change the terms and conditions of this Policy upon renewal by delivering or mailing written notice of such changes to the **Parent Organization** between thirty (30) and one hundred and twenty (120) days before the premium due date.  Such notice will state the effect of nonpayment of the premium by the due date.

The Policy will be deemed to have been amended to the extent necessary to effect the purposes and intent of this Amendatory Endorsement.

The regulatory requirements set forth in this Amendatory Endorsement shall supercede and take precedence over any provisions of the Policy or any endorsement to the Policy, whenever added, that are inconsistent with or contrary to the provisions of this Amendatory Endorsement, unless such Policy or endorsement provisions comply with the applicable insurance laws of the State of New Jersey.

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 2

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX MERGER OBJECTION SECURITIES CLAIMS
RETENTION ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)    Item 4 of the Declarations of this Policy is deleted and replaced with the following:

Item 4. **Retentions**:

| | | |
|---|---|---|
| (A) | Insuring Clause (A): | None |
| (B) | Insuring Clause (B)(**Claims** other than **Securities Claims**): | $175,000.00 |
| (C) | Insuring Clauses (B) and (C)(**Merger Objection Securities Claims**): | $1,000,000.00 |
| (D) | Insuring Clauses (B) and (C) (**Securities Claims** other than **Merger Objection Securities Claims**): | $250,000.00 |
| (E) | Inquiry Coverage (A): | None |
| (F) | Inquiry Coverage (B)(1): | None |
| (G) | Inquiry Coverage (B)(2): | $250,000.00 |

(2)    Section XXIX,  Definitions, of this Policy is amended by adding the following:

(a)    **Merger Objection Securities Claim** means a **Securities Claim** for a **Wrongful Act** based upon, arising from, or in consequence of any proposed or actual **Acquisition, Merger or Privatization** of the **Parent Organization**.

(b)    **Acquisition, Merger or Privatization** means an event where another entity, person or group of entities or persons acting in concert, acquires more than fifty percent (50%) of the outstanding securities representing the present right to vote for the election of directors or **LLC Managers** of the **Parent Organization**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 3

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION III BODILY INJURY/VIOLATION OF RIGHT OF PRIVACY/PROPERTY DAMAGE EXCLUSION:
ENDORSEMENT

In consideration of the premium charged, it is agreed that Exclusion (D), Bodily Injury/Violation of Right of
Privacy/Property Damage, of this Policy shall not apply to **Defense Costs** on account of a criminal proceeding for
manslaughter (or any other similar offense).

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and
conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement: May 31, 2016

Company:  Chubb Insurance Company of New Jersey

Endorsement No. 4

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX CANADIAN STATUTORY LIABILITY COVERAGE ENDORSEMENT

In consideration of the premium charged, it is agreed that Paragraph (4) of the definition of **Loss** in Section XXIX,  Definitions, of this Policy is deleted and replaced with the following:

(4)     tax; except, solely for the purposes of Insuring Clause (A), Individual Non-Indemnified Liability Coverage, any:

(i)      tax imposed upon an **Insured Person** in his capacity as such in connection with any bankruptcy, receivership, conservatorship, or liquidation of an **Organization**, to the extent that such tax is insurable under the law pursuant to which this Policy is construed; or

(ii)     tax that is or was payable by an **Organization** to a Canadian provincial or Canadian federal governmental taxing authority if an **Insured Person**, based solely on such **Organization's** failure to pay such tax, has become personally liable to make such payment;

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016          Chubb Insurance Company of New Jersey

                                              Endorsement/Rider No. 5

                                              To be attached to and
                                              form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

NON-ENTITY EMPLOYMENT PRACTICES ENDORSEMENT

In consideration of the premium charged, it is agreed that solely with respect to coverage afforded pursuant to Insuring Clause (A) or (B) of this policy:

(1)     Paragraph (A) of the definition of **Claim** in Section XXIX, Definitions, of this policy is amended to provide that, **Claim** also means a written notice from any:

        (i)      past, present or prospective employee of the **Organization**; or

        (ii)     government agency with jurisdiction over the **Organization's** employment practices,

        stating that such past, present or prospective employee or government agency intends to hold an **Insured Person** responsible for wrongful dismissal, discharge or termination of employment; breach of an oral or written employment or quasi-employment contract; employment-related misrepresentation; violation of an employment discrimination law (including by workplace harassment); wrongful discipline, demotion, denial of tenure or failure or refusal to promote; or employment-related invasion of privacy, employment-related defamation, or employment-related wrongful infliction of emotional distress.

(2)     Solely with respect to any **Claim** described in paragraph (1) of this endorsement, Item 6 of the Declarations for this policy is amended to read in its entirety as follows:

        Item 6. Pending or Prior Proceedings Date:  July 24, 2008

(3)     Part (D) of the definition of **Insured Person** in Section XXIX, Definitions, of this policy is amended to read in its entirety as follows:

        (D) solely with respect to **Securities Claims** and employment **Claims**, any other employee of an **Organization**.

(4)     Section XXIX, Definitions, of this policy is amended by adding the following definition:

        **Retaliation** means retaliatory treatment against an employee of an **Organization** on account of such individual:

        (a)      exercising his or her rights under law;

(b)    refusing to violate any law;

(c)    opposing any unlawful practice;

(d)    disclosing or threatening to disclose to a superior or to any governmental agency alleged violations of law; or

(e)    having assisted or testified in or cooperated with a proceeding or investigation regarding alleged violations of law by an **Insured**.

(5)    The Company shall not be liable for **Loss** on account of any **Claim**:

(a)    for any violation of the responsibilities, obligations or duties imposed by any federal, state, or local statutory law or common law anywhere in the world (including but not limited to the Occupational Safety and Health Act) or amendments to or regulations promulgated under any such law that governs workplace safety and health, including but not limited to any obligation to maintain a place of employment free from hazards likely to cause physical harm, injury or death; provided that this exclusion shall not apply to an employment **Claim** for **Retaliation**;

(b)    for any violation of the responsibilities, obligations or duties imposed by any federal, state, or local statutory law or common law anywhere in the world (including the Fair Labor Standards Act) or amendments to or regulations promulgated under any such law that governs wage, hour and payroll policies and practices, except the Equal Pay Act, including:

(i)    the calculation, recordkeeping, timing or manner of payment of minimum wages, prevailing wage rates, overtime pay or other compensation alleged to be due and owing;

(ii)    the classification of any organization or person for wage and hour purposes;

(iii)    garnishments, withholdings or other deductions from wages;

(iv)    child labor;

(v)    pay equity or comparable worth; or

(vi)    any similar policies or practices;

provided that this exclusion shall not apply to an employment **Claim** for **Retaliation**;

(c)    for any violation of the responsibilities, obligations or duties imposed by any federal, state, or local statutory law or common law anywhere in the world (including but not limited to the Worker Adjustment and Retraining Notification Act) or amendments to or regulations promulgated under any such law that governs any obligation of an employer to notify, discuss or bargain with its employees or others in advance of any plant or facility closing or mass layoff or any similar obligation; provided that this exclusion shall not apply to an employment **Claim** for **Retaliation**; or

(d)    for any violation of the responsibilities, obligations or duties imposed by any federal, state, or local statutory law or common law anywhere in the world (including but not limited to the National Labor Relations Act) or any amendments to or regulations promulgated under any such law that governs:

(i)    the rights of employees to engage in, or to refrain from engaging in, union or other collective activities, including but not limited to union organizing, union elections and other union activities;

(ii)     the duty or obligation of an employer to meet, discuss, notify or bargain with any employee or employee representative, collectively or otherwise;

(iii)    the enforcement of any collective bargaining agreement, including but not limited to grievance and arbitration proceedings;

(iv)     strikes, work stoppages, boycotts, picketing and lockouts; or

(v)      any similar rights or duties.

The title and any headings in this endorsement are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this policy shall remain unchanged.

_____

Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 6

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION III PENDING OR PRIOR PROCEEDINGS EXCLUSION FOR INCREASED LIMITS
ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     The Company shall not be liable under this Policy for **Loss** on account of any **Claim** based upon, arising from, or in consequence of any written demand first received by, or action, proceeding, **Claim** or **Related Claim** commenced against, any **Insured** on or prior to August 22, 2011.

(2)     This endorsement shall only apply to the limit of liability of $2,000,000 in excess of $3,000,000 for each **Claim** and $2,000,000 in excess of $3,000,000 for each **Policy Period**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 7

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

AMEND SECTION II, SUBSECTION (B), INQUIRY COVERAGES TO ADD REQUEST TO TOLL OR WAIVE STATUTE
OF LIMITATIONS ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     Subsection II(B), Inquiry Coverages, of this Policy is amended to add the following:

(3)     The Company shall pay, on behalf of an **Insured**, **Defense Costs** incurred solely by such
**Insured** responding to a written request to toll or waive a statute of limitations, first made
during the **Policy Period,** applicable to a **Wrongful Act**.

(2)     With respect to any coverage afforded by this endorsement, Item 4 of the Declarations shall be
amended to add the following Retention solely with respect to any **Defense Costs** paid or
indemnified by the **Organization**:

(G) Inquiry Coverage B(3):  $250,000

(3)     Section V, Retention, is amended to add the following:

(D)     Any payment by an **Organization** of a Retention on account of a written request to toll or
waive a statute of limitations shall reduce any Retention due from the **Organization** on
account of a **Claim** subsequently afforded coverage under Insuring Clause (B), Individual
Indemnified Liability Coverage, or Insuring Clause (C), Entity Securities Coverage, that is
based upon, arising from or in consequence of any fact or circumstance that was the subject
of such request to toll or waive a statute of limitations.

(4)     The definition of **Defense Costs**, set forth in Section XXIX,  Definitions, is amended to add the
following Subsection:

(D)  as a result of responding to a written request to toll or waive a statute of limitations.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 8

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION VII ADVANCEMENT OF DEFENSE COSTS ENDORSEMENT

In consideration of the premium charged, it is agreed that the first paragraph of (A) of Section VII, Advancement of Defense Costs of this Policy is deleted and replaced with the following:

(A)  The Company shall advance covered **Defense Costs** on account of a **Claim** reported pursuant to Section VI, Reporting, on a current basis, but not later than ninety (90) days, after receipt by the Company of bills detailing such **Defense Costs** and all other information requested by the Company with respect to such bills until the applicable Limit of Liability set forth in Item 3 of the Declarations has been satisfied.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 9

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX DEFINITION OF LOSS ENDORSEMENT

In consideration of the premium charged, it is agreed that the definition of **Loss**, in Section XXIX, Definitions, is amended to add the following Paragraph (G):

(G)     amounts attributable to violations of Sections 11, 12 or 15 of the Securities Act of 1933, as amended, to the extent such amount is insurable under the law pursuant to which this Policy is construed;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 10

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

AMEND SECTION XXIX INTERVIEW ENDORSEMENT

In consideration of the premium charged, it is agreed that:

Solely with respect to any coverage afforded under Section II, B(1), Interview Coverage, the definition of **Interview**, set forth in Section XXIX, Definitions, is amended by deleting and replacing subparagraph (a) with the following:

(a)   any request for document production or discovery for information in the possession or control of an **Organization** or any other party other than such **Insured Person**;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016          Chubb Insurance Company of New Jersey

Endorsement/Rider No. 11

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

THE CHUBB PRIMARY D&O ADVANTAGE ENDORSEMENT
(SMALLER CAP COMPANIES)

In consideration of the premium charged, it is agreed that:

I.   **ADDITIONAL LIMIT OF LIABILITY SOLELY FOR INDEPENDENT DIRECTORS**

Section IV, Limit of Liability, of this Policy is amended by adding the following:

Solely with respect to any **Claims** made against **Independent Directors** for which coverage is provided under Insuring Clause (A) of this Policy, the Company shall provide a $1,000,000 Limit of Liability for the **Policy Period**, which amount shall be separate and in addition to the Limit of Liability set forth in Item 3 of the Declarations of this Policy, and such additional limit shall apply only as excess coverage over any other valid and collectible insurance applicable to such **Independent Director**.

II.  **SUBLIMIT FOR CRISIS MANAGEMENT EVENT COVERAGE**

The Company shall pay, on behalf of an **Organization**, **Defense Costs**, incurred with the prior written consent of the Company, in an amount not to exceed $25,000 per **Policy Period,** on account of a **Crisis Management Event** occurring during the **Policy Period**.  This Sublimit amount is part of, and not in addition to, the Limit of Liability set forth in Item 3 of the Declarations. No retention shall apply to this **Crisis Management Event** Sublimit.

III. **AMEND REPORTING**

Paragraph (B) of Section VI, Reporting, is deleted and replaced with the following:

(B)  If during the **Policy Period** an **Insured** gives written notice to the Company of:

(1)  circumstances which could give rise to a **Claim**;

(2)   receipt of a written request to toll or waive a statute of limitations applicable to a **Wrongful Act**;

(3)   an **Interview** or a **Securityholder Derivative Demand Investigation**; or

(4)   a request for **Crisis Management Event Defense Costs**,

then any **Claim** subsequently arising from the circumstances, **Wrongful Act**, **Interview**, **Securityholder Derivative Demand Investigation** or **Crisis Management Event** described in Paragraph (B)(1) or (B)(2) or (B)(3) or (B)(4) above shall be deemed to have been first made during the **Policy Period** in which such written notice was first given by an **Insured** to the Company; provided any such subsequent **Claim** is reported to the Company as soon as practicable after the in-house general counsel or risk manager of the **Parent Organization** becomes aware of such **Claim**.

## IV.   AMEND DEFINITIONS

Section XXIX, Definitions, of this Policy is amended as follows:

(A)   Add Crisis Management Event

The term **Crisis Management Event** is added as follows:

**Crisis Management Event** means any one of the following events first occurring during the **Policy Period**:

(a)   an unanticipated death, incapacity or resignation of the Chief Executive Officer or Chief Financial Officer of the **Organization**;

(b)   an unanticipated loss to the **Organization** arising from a product recall, delay in production, loss of intellectual property rights, loss of major contract or customer;

(c)   the **Parent Organization's** voluntary or involuntary bankruptcy; or

(d)   a written notice received by an **Organization** that such **Organization's** securities have been, or will be, delisted from one or more of the following securities exchanges: NASDAQ, the American Stock Exchange or the New York Stock Exchange.

(B)   Amend Defense Costs

The term **Defense Costs** is amended as follows:

**Defense Costs** is amended to include that part of **Loss** consisting of reasonable costs, charges, fees and expenses, incurred with the Company's prior written consent, of an independent public relations consultant or crisis management consultant engaged by the **Organization** to:

(a)   make a public communication with respect to a **Crisis Management Event**, or

(b)   prevent or minimize business disruption and adverse publicity, based upon, arising from or in consequence of a **Crisis Management Event**.

(C)   Add Independent Director

The term **Independent Director** is added as follows:

**Independent Director** shall mean, with respect to an **Organization**, a "Non-Employee Director" as such term is defined in Rule 16b-3 promulgated under the Securities Exchange Act of 1934; provided that the term "issuer" as used in such Rule shall be deemed to refer to the **Organization**.

V.   **INCREASED ACQUISITION THRESHOLD**

Paragraph (A)(2) of Section XV, Acquisition or Cessation of Subsidiaries, Acquisition of a Subsidiary, of this Policy is deleted and replaced with the following:

(2) If a **Subsidiary** is acquired during the **Policy Period** pursuant to Paragraph (1) above and the total assets of such **Subsidiary** exceed twenty-five percent (25%) of the total assets of the **Parent Organization** (as reflected in the most recent audited consolidated financial statements of such **Subsidiary** and the **Parent Organization**, respectively, as of the date of such acquisition), the **Parent Organization** shall, no later than sixty (60) days after the date of such acquisition, give written notice of such acquisition to the Company together with all information the Company may require.  Coverage for any such acquired **Subsidiary** and its **Insured Persons** shall be subject to additional or different terms and conditions and payment of additional premium.

If the **Parent Organization** fails to give such notice and information in accordance with the foregoing, coverage for such acquired **Subsidiary** and its **Insured Persons** shall terminate with respect to **Claims** first made more than sixty (60) days after such acquisition.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 12

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION VI REPORTING ENDORSEMENT

In consideration of the premium charged, it is agreed that paragraph (C) of Section VI, Reporting, of this Policy is deleted and replaced with the following:

(C) The **Insured** shall give to the Company in any written notice described in Subsection (A) or (B) above a description of the **Claim**, circumstances, request to toll or waive a statute of limitations, **Interview** or **Securityholder Derivative Demand Investigation**, the nature of any alleged **Wrongful Acts**, the nature of the alleged or potential damage (other than for matters applicable to Insuring Clause (A)) and the names of all actual or potential defendants.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____

Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 13

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION VIII DEFENSE AND SETTLEMENT (COOPERATION SEVERABILITY) ENDORSEMENT

In consideration of the premium charged, it is agreed that Paragraph (A)(4) of Section VIII, Defense and Settlement, of this Policy is deleted and replaced with the following:

(4)     agrees to provide the Company with all information, assistance and cooperation which the Company may reasonably require and agrees that, in the event of a **Claim**, the **Insured** shall not do anything that could prejudice the Company's position or its potential or actual rights of recovery; provided that the failure of any **Insured Person** to give the Company such information, assistance or cooperation shall not impair the rights of any other **Insured** under this policy.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 14

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XII OTHER INSURANCE AND INDEMNITY ENDORSEMENT

In consideration of the premium charged, it is agreed that Paragraph (B) of Section XII, Other Insurance and Indemnity, of this Policy is deleted and replaced with the following:

(B)     This Policy shall be specifically excess of, and shall not contribute with, any valid and collectible insurance for: third party liability coverage for environmental exposures, employment practices liability or professional liability.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 15

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION VII ADVANCEMENT OF DEFENSE COSTS ENDORSEMENT

In consideration of the premium charged, it is agreed that the second paragraph of Subsection (A) of Section VII, Advancement of Defense Costs, of this Policy is deleted and replaced with the following:

Furthermore, if an **Organization** refuses in writing, or fails within sixty (60) days of an **Insured Person's** written request for indemnification, to advance, pay or indemnify an **Insured Person** for **Loss** on account of a **Claim**, then, upon the reporting of the **Claim** pursuant to Section VI, Reporting, the Company shall advance covered **Defense Costs** on a current basis until such time that the **Organization** accepts the **Insured Person's** request for indemnification or the applicable Limit of Liability set forth in Item 3 of the Declarations has been exhausted, whichever first occurs.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016                Chubb Insurance Company of New Jersey

                                                    Endorsement/Rider No. 16

                                                    To be attached to and
                                                    form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XIV EXTENDED REPORTING PERIOD

In consideration of the premium charged, it is agreed that Paragraph (C)(1) of Section XIV, Extended Reporting Period, of this Policy is deleted and replaced with the following:

(1)  either first made during the Extended Reporting Period or deemed to have been first made in accordance with Section VI(B), Reporting;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 17

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION III BODILY INJURY/VIOLATION OF RIGHT OF PRIVACY/ PROPERTY DAMAGE EXCLUSION
ENDORSEMENT

In consideration of the premium charged, it is agreed that Subsection III(D) is deleted and replaced with the following:

(D)     for bodily injury, violation of any right of privacy, mental anguish, humiliation, emotional distress, sickness, disease or death of any person or damage to or destruction of any tangible property, including loss of use thereof, whether or not it is damaged or destroyed; provided that this Exclusion (D) shall not apply to any **Securities Claim** or invasion of privacy, mental anguish, humiliation or emotional distress for which a claimant seeks compensation in an employment-related claim;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

---

Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 18

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION III, EXCLUSION (F) CONDUCT ENDORSEMENT

In consideration of the premium charged, it is agreed that Section III, Exclusion (F) Conduct, of this Policy shall not apply to Insuring Clause (B) Individual Indemnified Liability Coverage.


The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 19

To be attached to and
form a part of Policy No. 8242-8396

Issued to: SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

### AMEND SECTION XII, OTHER INSURANCE AND INDEMNITY ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     Paragraph (D) of Section XII, Other Insurance and Indemnity, shall be deleted and replaced with the following:

        (D)     Any coverage afforded under this Policy for a **Claim** in connection with an **Insured Person** serving in his capacity as such for an **Outside Entity** shall be specifically excess of any indemnity and insurance available to such **Insured Person** by, or on behalf of, such **Outside Entity**. Notwithstanding the foregoing, if the Company or any subsidiary or affiliate of the Chubb Corporation ("Other Policy") makes payment under another policy on account of such **Claim**, the Company's maximum aggregate liability for all **Loss** on account of such **Claim** under this Policy and under any applicable Other Policy, combined, shall not exceed $25,000,000.

(2)     Nothing in this endorsement is intended, nor shall anything herein be construed, to increase any of the Company's Limits of Liability shown in Item 3 of the Declarations for this Policy or any limit of liability provided in any applicable Other Policy.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 20

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XIII INDEMNIFICATION AND SUBROGATION ENDORSEMENT

In consideration of the premium charged, it is agreed that Paragraph (B) of Section XIII, Indemnification and Subrogation, of this Policy is amended by adding the following clause at the end of the last sentence:

;provided that it is understood and agreed that the Company shall only subrogate against natural persons who are not **Insured Persons** under this Policy.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 21

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMENDS SECTION XXIX DODD-FRANK 954 AND SOX 304 ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)  Subparagraph (B) of the definition of **Wrongful Act** in Section XXIX, Definitions, of this policy is deleted and replaced with the following:

(B)  any other matter claimed against an **Insured Person** solely by reason of serving in his capacity as such, including any matter claimed pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 or Section 954 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.

(2)  The definition of **Loss**, as defined in Section XXIX, Definitions, of this policy, shall not include any portion of an amount reimbursed to, or recovered by, an **Organization** or any other party on behalf of the **Organization**, pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 or Section 954 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.

(3)  Exclusion III(C)(2)(a) shall not apply to **Loss** on account of any **Claim** brought by an **Organization** against an **Insured Person** of such **Organization** pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 or Section 954 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010.

(4)  Solely with respect to any **Claim** against an **Insured Person** brought pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002:

The definition of **Defense Costs**, as defined in Section XXIX, Definitions, of this policy is amended to include any costs under Insuring Clause (A) that are deemed by the Company, in its sole discretion, to be reasonable and necessary costs, expenses and fees incurred by the Chief Executive Officer or Chief Financial Officer of an **Organization** solely to facilitate a reimbursement which such officer is required to make pursuant to Section 304(a) of the Sarbanes-Oxley Act of 2002 (including the premium or origination fee for a bond or loan).

(5)  Solely with respect to the coverage afforded under this endorsement, the Company shall not seek recoupment of advanced **Defense Costs** from an **Insured Person** if it is determined that such **Defense Costs** are not insured under this Policy.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 22

To be attached to and
form a part of Policy No. 8242-8396

Issued to:   SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XIX TERMINATION OF POLICY ENDORSEMENT

In consideration of the premium charged, it is agreed that Subsection (A) of Section XIX, Termination of Policy, of this Policy is deleted and replaced with the following:

(A) twenty (20) days after receipt by the **Parent Organization** of written notice of termination from the Company for non-payment of premium;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 23

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

AMEND SECTION XXIX DEFINITION OF CLAIM ENDORSEMENT

In consideration of the premium charged, it is agreed that the definition of **Claim** in Section XXIX, Definitions, of this Policy is deleted and replaced with the following:

**Claim** means any:

(A)      written demand (other than a securityholder derivative demand or **Interview**) for:

  (1) monetary or non-monetary (including injunctive) relief; or

  (2) arbitration or mediation,

  against an **Insured** for a **Wrongful Act**, commenced by the first receipt of such demand by an **Insured**;

(B)      proceeding, including any appeal therefrom, against an **Insured** for a **Wrongful Act**, commenced by:

  (1)      the service of a civil complaint or similar pleading, or any foreign equivalent thereof;

  (2)      the service of a notice of charges or foreign equivalent; or

  (3)      an arrest; the return of an indictment, information or foreign equivalent; or the receipt of an official request for **Extradition**; or

(C)      investigation by an **Enforcement Unit** against an **Insured** for a **Wrongful Act**, commenced by the service of a written request from such **Enforcement Unit** upon an **Insured Person** compelling witness testimony or document production and identifying such **Insured Person** as a target of such investigation, including a subpoena, civil investigative demand, grand jury subpoena, search warrant, target letter or Wells notice; provided that the Company shall take into reasonable consideration all extrinsic evidence presented by the **Insured** when determining whether such written request identifies such **Insured Person** as a target of such investigation.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 24

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

CLASS CERTIFICATION EVENT STUDY COSTS ENDORSEMENT

IIn consideration of the premium charged, it is agreed that the Policy is amended as follows:

(1)  Section V., Retention, is amended to add the following:

In the event that the retention applicable to a **Securities Claim** has not been exhausted, any remaining retention applicable to such **Securities Claim** shall not apply to **Class Certification Event Study Costs**.

(2)  Section VIII, Defense And Settlement, is amended to add the following:

This Section VIII shall apply to **Class Certification Event Study Costs**.  However, if the **Insureds** elect to use a **Preferred Securities Panel** firm, and such **Preferred Securities Panel** firm, in defending a **Securities Claim**, recommends to the **Insured** a specific expert witness to conduct an event study in the defense of such **Securities Claim**, then the **Insured** may hire such expert witness to perform such event study without further approval by the **Insurer**.

(3)  Section XXIX, Definitions, is amended to add the following definitions:

**Class Certification Event Study Costs** means that portion of **Defense Costs** constituting reasonable costs, charges, fees and expenses of an expert witness incurred by an **Insured** to conduct an admissible event study regarding issues of fact relevant to class certification in a **Securities Claim** subsequent to the denial of a motion to dismiss in such **Securities Claim**.

**Preferred Securities Panel** means a law firm from the list of law firms contained on our website at http://www.acegroup.com/us-en/businesses/ace-preferred-securities-panel.aspx, and made a part of this Policy.  The **Insureds** may choose any **Preferred Securities Panel** firm, regardless of the venue, jurisdiction or nature of the **Claim**, for the defense of any **Securities Claim** made against the **Insureds**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 25

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX DEFINITIONS ORGANIZATION AS A NOMINAL DEFENDANT
ENDORSEMENT

In consideration of the premium charged, it is agreed that the following definitions set forth in Section XXIX Definitions of this Policy are amended as follows:

(1)     **Defense Costs** shall also include **Defense Costs** incurred by an **Organization** in its capacity as a nominal defendant in a derivative action: (A) while seeking to dismiss a **Securities Claim** for lack of jurisdiction or failure to allege demand futility; or (B) while conducting a **Securityholder Derivative Demand Investigation** commenced by a derivative action alleging demand futility.

(2)     Subsection (C) of **Securities Claim** is deleted and replaced with the following:

(C)     brought as a derivative action, on behalf of an **Organization** against an **Insured Person**, including a motion brought by or on behalf of the **Organization** seeking to dismiss a derivative action: (1) that a committee of such **Organization's** Board of Directors has concluded is not in the best interest of the **Organization**; (2) for lack of jurisdiction; or (3) for failure to allege demand futility.

(3)     **Securityholder Derivative Demand Investigation**, as defined in Section XXIX, is deleted and replaced with the following:

**Securityholder Derivative Demand Investigation** means an investigation by an **Organization** to determine whether it is in the best interest of such **Organization** to prosecute the claims alleged in a: (A) securityholder derivative demand, or (B) a derivative action alleging demand futility, commenced upon:

(1) receipt of such demand; or

(2) service of a civil complaint or similar proceeding with respect to such action.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 26

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION III EXCLUSION (F) CONDUCT ENDORSEMENT

In consideration of the premium charged, it is agreed that Section III, Exclusion (F), Conduct, is deleted and replaced with the following:

(F) <u>Conduct</u>

  based upon, arising from or in consequence of:

  (1) any deliberate fraud, any deliberate criminal act, or any knowing and willful violation of any statute or regulation, by an **Insured**;

  (2) an **Insured Person** having gained any personal profit, remuneration or other financial advantage to which such **Insured Person** was not legally entitled; or

  (3) an **Organization** having gained any profit, remuneration or other financial advantage to which such **Organization** was not legally entitled,

  established by a final, non-appealable adjudication in any underlying action (other than a declaratory action brought by or against the Company); provided that:

  (a) no conduct pertaining to any **Insured** shall be imputed to any other **Insured Person**; and

  (b) conduct pertaining only to any past or present chief financial officer or chief executive officer (or an equivalent position to any of the foregoing worldwide) of an **Organization** shall be imputed to such **Organization** and its **Subsidiaries**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 27

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX DEFINITION OF LOSS ENDORSEMENT

In consideration of the premium charged, it is agreed that Paragraph (E) of the definition of **Loss**, in Section XXIX, Definitions, is deleted and replaced with the following:

(E)      settlements, including that portion of any settlement which represents claimant's attorneys' fees; and

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 28

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX INTERVIEW ENDORSEMENT

In consideration of the premium charged, it is agreed that the definition of **Interview**, set forth in Section XXIX, Definitions, is amended as follows:

    (1)  The following paragraph is added:

        (C)  a court-appointed examiner, trustee, receiver, liquidator or rehabilitator of an **Organization** in any bankruptcy proceeding by or against such **Organization**.

    (2)  Solely with respect to any coverage afforded under Section II, B(1), Interview Coverage, subparagraph (a) is deleted and replaced with the following:

        (a)  any request for document production or discovery for information in the possession or control of an **Organization** or any other party other than such **Insured Person**;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 29

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

AMEND SECTION XXIX DEFINITION OF LOSS ENDORSEMENT

In consideration of the premium charged, it is agreed that the definition of **Loss**, in Section XXIX, Definitions, is amended by deleting paragraph (3) and replacing it with the following:

(3)      solely with respect to any coverage afforded under Insuring Clause (C), Entity Securities Coverage:

amount that represents or is substantially equivalent to an increase in the consideration paid (or proposed to be paid) by an **Organization** in connection with its purchase of any securities or assets;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 30

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION III PRIOR NOTICE EXCLUSION ENDORSEMENT

In consideration of the premium charged, it is agreed that Section III(A), Prior Notice Exclusion, is deleted and replaced with the following:

(A) <u>Prior Notice</u>
based upon, arising from or in consequence of any fact, circumstance or **Wrongful Act** that was the subject of any notice accepted under any prior directors and officers liability coverage;

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 31

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

_____

AMEND SECTION III SEVERABILITY OF EXCLUSIONS ENDORSEMENT

In consideration of the premium charged, it is agreed that Section III, Exclusions, is amended as follows:

1. All of subsection (F), from the phrase, "provided that", through and including paragraph (b), is deleted in its entirety.

2. The following is added at the end of Section III:

For the purpose of determining the applicability of the foregoing exclusions, the **Wrongful Acts** of, facts pertaining to, and knowledge possessed by one **Insured** shall not be imputed to any other **Insured Person**, and only the **Wrongful Acts** of, facts pertaining to, and knowledge possessed by an **Organization's** past, present or future chief executive officer or chief financial officer shall be imputed to such **Organization** and its **Subsidiaries**:

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_____
Authorized Representative

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: May 31, 2016

Chubb Insurance Company of New Jersey

Endorsement/Rider No. 32

To be attached to and
form a part of Policy No. 8242-8396

Issued to:  SITO Mobile, Ltd. F/K/A Single Touch Systems, Inc.

---

AMEND SECTION XXIX DEFENSE COSTS: BOOKS AND RECORDS ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     Section XXIX, Definitions, definition of **Defense Costs** is amended to add the following:

**Defense Costs** shall also include reasonable and necessary costs, charges and fees (including attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries, fees or benefits of any **Insured Person**) incurred by an **Organization** to respond to that part of a **Books and Records Request** relevant to a **Securities Claim** brought as a derivative action and commenced during the **Policy Period**; provided that, (a) the Company shall take into reasonable consideration all extrinsic evidence presented by the **Insured** when determining whether such request is relevant to such allegations; and (b) the Company shall waive the consent requirement with respect to incurring such **Defense Costs**, set forth in Section VIII(B)(2), Defense and Settlement.

(2)     Section XXIX, Definitions, is amended to add the following definition:

**Books and Records Request** means a written demand by or on behalf of any securityholder of an **Organization** pursuant to Section 220 of the Delaware General Corporation Law or any similar statute in any other jurisdiction.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

Authorized Representative